NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the Matter of | : | Case No. 08-28140/JHW |
| DD-OH Family Partners, LLC, et al | : | **OPINION ON MOTION TO** |
| Debtor | : | **COMPEL PAYMENT** |

APPEARANCES:  Alan R. Angelo, Esq.
Cooper, Levenson, April, Niedelman
 & Wagenheim, P.A.
1125 Atlantic Avenue, 3rd Floor
Atlantic City, New Jersey 08401
Counsel for the Landlord

Joseph R. Zapata, Jr.
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive, Bldg. 3
Lawrenceville, New Jersey 08648
Counsel for the Debtor

**FILED**
JAMES J. WALDRON, CLERK

June 4, 2009

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

Before the court for resolution is the landlord's motion to compel the debtor to pay certain taxes, rents and late fees. The landlord contends that these obligations came due post-petition and prior to rejection of the lease and therefore must be paid under the terms of the lease agreement. The debtor does not dispute its obligation with respect to the post-petition rental payments and pro rated share of the property taxes, but asserts that the school tax obligations arose pre-petition, and as such, should not be paid. Since the debtor has already made several post-petition payments toward the school tax

obligations, the debtor asks that those monies be credited toward the debtor's post-petition rent and property taxes, thus mooting any late charges.

## **FACTS**

The movant, Elaine Bagelman, and her husband David are the landlords of commercial property located at 1522 Bethlehem Pike, Route 309, in Hatfield, Pennsylvania. They entered into a Lease Agreement with JD Garber Furniture, L.P. (hereinafter the "tenant" or the "debtor") in January 2007. The Agreement was amended in July 2007.

Pursuant to the Lease Agreement, as amended, the debtor was obligated to pay a base rent of $520,000.00 per year, to be paid in equal monthly installments of $43,333.33. A.Angelo Certif., Exh. B. at 1, § 3. Commencing on January 1, 2009, the base rent was adjusted by an increase of $1,299.99.

In addition to the rental obligations, Section 11 of the Lease Agreement shifted the responsibility to the debtor to pay all real property taxes, general and special assessments beginning on January 1, 2007. Id. at 5, § 11. More specifically, this provision provides that the:

> Landlord shall forward to Tenant each year upon issuance of

>   the appropriate tax bills, and not less than forty-five (45) days prior to the due date for the discount period, new tax bills as they are issued.  Tenant shall forward to taxing authority within no less than ten (10) days prior to the end of the discount period full payment of the tax due, at the discount rate.  Tenant shall simultaneously forward a true and correct copy of the tax bill and draft paying the same to Landlord.  Upon receipt of a receipted tax bill, Tenant shall forward a copy of the same to Landlord.  In the event Tenant does not make payment to the taxing authority with sufficient time to receive the tax discount, then in such event, Landlord may make the payment at the discounted rate and Tenant shall be obligated to reimburse Landlord for the amount of tax Landlord pays as additional rent.  In the event Landlord does not make payment of the tax discount, then Tenant shall likewise remain liable for the amount of the tax as billed.

Id. at 6.  This provision applies to both real estate taxes and school taxes.  At some point in July 2008, the 2008 North Penn School District tax bill was presented to the debtor.  The end of the discount period for the payment of school taxes was August 31, 2008.  Under the terms of the Lease Agreement, the debtor was required to pay the school taxes not less than ten days prior to the end of the discount period, or August 21, 2008.  The debtor did not make the payment.

On September 22, 2008, the debtor, along with the other various entities comprising DD-OH Family Partners, LLC, filed for relief under Chapter 11 of the Bankruptcy Code.  The cases were consolidated by order dated September 23, 2008.  The various debtors continue to operate as debtors-in-possession.

For the post petition months of October 2008 through February 2009, the debtor continued to make its regular monthly rental payment of $43,333.33. In addition, the debtor made a monthly payment of $6,934.42, ostensibly toward its school tax obligations. At some point prior to making its March 2009 payment, the debtor reevaluated its obligations and determined that it had been making the additional school tax payments in error. In the debtor's opinion, the school tax assessment was a pre-petition obligation. The debtor contacted the landlord and directed that the payments that it had previously made toward the school tax (totaling $34,672.10 over five months) be applied instead to offset the monthly rental adjustments for January and February 2009, with the remainder to be applied toward the March 2009 rent obligation. A check in the amount of $8,661.24 was tendered by the debtor toward the remaining March 2009 rent.

In response, on March 27, 2009, the landlord filed the instant motion to compel payment of the taxes, rent and associated late fees. The landlord challenges the debtor's ability to utilize "self-help" to modify and redirect how its previous post-petition payments were credited. She contends that the previous payments were properly made and credited toward the school taxes, that the debtor's account remains delinquent for the rental adjustment for January and February 2009 ($1,299.99 each month), the March 2009 rent

(totaling $44,633.32) and late fees in the amount of $3,079.36 for the months of January, February and March 2009.  In addition, the debtor failed to tender payment toward the real estate taxes assessed for 2009.  The discount period for the payment of the 2009 taxes ended on March 31, 2009.  Under the terms of the Lease Agreement, the debtor was required to pay the taxes by March 21, 2009, which it did not do.

By correspondence dated March 20, 2009, the debtor provided notice of its intent to reject the Lease Agreement, effective March 31, 2009.

### **DISCUSSION**

Citing to 11 U.S.C. § 365(d)(3), the landlord correctly contends that the debtor is required to perform all of the obligations that arise under the lease between the date of the petition and the effective date of the rejection of the lease.[1]  The landlord also correctly contends that the so-called "billing date"

---

[1] Section 365(d)(3) provides that:

The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.  The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for

(totaling $44,633.32) and late fees in the amount of $3,079.36 for the months of January, February and March 2009.  In addition, the debtor failed to tender payment toward the real estate taxes assessed for 2009.  The discount period for the payment of the 2009 taxes ended on March 31, 2009.  Under the terms of the Lease Agreement, the debtor was required to pay the taxes by March 21, 2009, which it did not do.

By correspondence dated March 20, 2009, the debtor provided notice of its intent to reject the Lease Agreement, effective March 31, 2009.

### **DISCUSSION**

Citing to 11 U.S.C. § 365(d)(3), the landlord correctly contends that the debtor is required to perform all of the obligations that arise under the lease between the date of the petition and the effective date of the rejection of the lease.[1]  The landlord also correctly contends that the so-called "billing date"

---

[1] Section 365(d)(3) provides that:

The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.  The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for

approach to § 365(d)(3), which requires a "debtor-in-possession leasing nonresidential real property [to] pay in full all amounts which come due during the post-petition, pre-rejection period, regardless of whether some of those charges accrued pre-petition," In re DeCicco of Montvale, Inc., 239 B.R. 475, 479 (Bankr. D.N.J. 1999), has been accepted as the proper interpretation of the statute in the Third Circuit.  The landlord submits that because the lease in this instance requires the debtor to reimburse all tax obligations as rent, the debtor is obligated to continue to make such payments post-petition even though the school taxes accrued in 2008.  The landlord notes that "[t]he Lease in the instant matter makes it clear that the unpaid real estate and school taxes became due during the post-petition period." Brief in Support at 6. Citing to In re Montgomery Ward Holding Corp., 268 F.3d 205, 212 (3d Cir. 2001), the landlord argues that "[t]ax reimbursement obligations are only a small constellation in the universe of obligations coming from the scope of § 365(d)(3), and there is no basis in the text for distinguishing them from rent and numerous other obligations of tenants." In other words, the landlord

---

    performance shall not be extended beyond such 60-day period.
    This subsection shall not be deemed to affect the trustee's
    obligations under the provisions of subsection (b) or (f) of this
    section.  Acceptance of any such performance does not constitute
    waiver or relinquishment of the lessor's rights under such lease or
    under this title.

11 U.S.C. § 365(d)(3).

contends that the debtor was obligated to reimburse the landlord for the school taxes on a monthly basis along with its monthly rental obligation.

The debtor agrees with the landlord that the billing date approach controls the application of § 365(d)(3). However, the debtor notes that the school tax bill was presented for payment in July 2008, with a discount period ending on August 31, 2008. The debtor's obligation to pay the school tax arose on August 21, 2009, prior to the filing of the petition. Because the school tax obligation was required to be paid by the debtor pre-petition, the debtor contends that the obligation is not subject to payment under § 365(d)(3). Since the debtor mistakenly started to reimburse the landlord for this pre-petition debt in conjunction with its regular post-petition payments, the debtor now asks that those payments be redirected to cover the rent increase and real estate taxes due.

The issue of whether a lease obligation is pre- or post-petition for the purpose of payment under § 365(d) has been well settled by the Third Circuit. In re Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001). In Montgomery Ward, the court held that "[t]he clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms. To be consistent with this intent, any interpretation must look to the

terms of the lease to determine both the nature of the 'obligation' and when it 'arises.' . . . In the context of a lease contract, . . . the most straightforward understanding of an obligation is something that one is legally required to perform under the terms of the lease and that such an obligation arises when one becomes legally obligated to perform." Id. at 209. See also In re Valley Media, Inc., 290 B.R. 73, 75 (Bankr. D.Del. 2003) ("the plain language of § 365(d)(3) mandates that a billing date approach be used to determine when a lease obligation arises").

Here, paragraph 11 of the Lease Agreement required the debtor to pay in full all tax bills "within no less than ten (10) days prior to the end of the discount period." The debtor's obligation to pay the 2008 school tax arose on August 21, 2009, prior to the filing of the petition. The fact that the landlord retained the opportunity to pay the tax directly to the taxing authority, whereby the debtor would be obligated to reimburse the landlord "as rent", does not alter the conclusion that the debtor's legally enforceable obligation to pay the school tax arose pre-petition.

In contrast, the debtor's obligation to pay the county tax for 2009 arose on March 21, 2009. This is clearly a post-petition obligation that arose before the effective date of the rejection of the lease. Accordingly, the debtor remains

obligated to pay the 2009 county tax bill.

I conclude as follows:

1. The 2009 school taxes were pre-petition obligations of the debtor to the landlord, and need not have been paid as a § 365(d)(3) obligation.

2. The 2009 county taxes are post-petition obligations of the debtor to the landlord, and must be paid as a § 365(d)(3) obligation.

3. The debtor may be credited with overpayments mistakenly made on account of 2008 school taxes.  Late fees may not be charged in connection with payments due in January, February and March 2009.

Debtor's counsel shall submit an order in conformance with this opinion.

Dated:  6/4/09

                                      JUDITH H. WIZMUR
                                      CHIEF JUDGE
                                      U.S. BANKRUPTCY COURT