Order Filed on
2/18/2010
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FOX ROTHSCHILD LLP<br>Hal L. Baume, Esq. (HB 6668)<br>Joseph R. Zapata, Jr., Esq. (JZ 0671)<br>Princeton Pike Corporate Centre<br>997 Lenox Drive, Bldg. 3<br>Lawrenceville, NJ 08648<br>Tel: (609) 896-3600<br>Fax: (609) 896-1469<br>hbaume@foxrothschild.com<br>jzapata@foxrothschild.com<br>Attorneys for the Debtors and Debtors-in-Possession | Chapter 11<br>Case No. 08-28140 (JHW)<br>(Jointly Administered) |
| In re:<br><br>DD-OH Family Partners, LLC, t/a DD Huber Furniture & Design and Oskar Huber Furniture & Design, et al.,<br><br>        Debtors. | Hearing Date: February 18, 2010<br>Hearing Time: 1:00 p.m. |

**ORDER CONFIRMING DEBTORS' SECOND MODIFIED
PLAN OF REORGANIZATION**

  The relief set forth on the following pages, numbered two (2) through ten (10) is hereby

**ORDERED.**

**DATED: 2/18/2010**

_____
Judith H. Wizmur, Chief Judge
United States Bankruptcy Court

Page 2
Debtor: DD-OH Family Partners, LLC, et al.
Case No. 08-28140 (JHW)
Caption of Order: Order Confirming Debtors' Second Modified Plan of Reorganization

Oskar Huber Fine Furniture Incorporated, Oskar Huber, Inc., DD-OH Family Partners, LLC, JD Garber Furniture, LP, JDG of DE, LP and JDG of PA, LP, the debtors and debtors in possession (collectively, the "Debtors"), in the captioned jointly administered Chapter 11 case, through their attorneys, Fox Rothschild LLP, having filed with the court on January 15, 2010 their Second Modified Plan of Reorganization (the "Second Modified Plan") under Chapter 11 of Title 11 of the United States Bankruptcy Code, (the "Bankruptcy Code") which modified and amended the Debtors' First Modified Plan of Reorganization, dated August 11, 2009 ("First Modified Plan") (the First Modified Plan and Second Modified Plan collectively referred to as the "Plan"); and a hearing having been previously held before the Court on notice to all creditors and other parties in interest to consider the adequacy of the Debtors' Disclosure Statement (the "Disclosure Statement"); and the Disclosure Statement having been approved by order of this Court dated August 11, 2009 (the "Disclosure Statement Approval Order"); and pursuant to an Order entered on January 27, 2010 this Court having determined that the modifications made in the Second Modified Plan from the First Modified Plan were not sufficiently material and adverse so as to require further notice and re-solicitation of the Second Modified Plan; and due notice of the hearing to consider confirmation of the Second Modified Plan (the "Confirmation Hearing") having been given; and the solicitation of acceptances or rejections of the Plan having been made in the manner required by this Court and by law; and notice and ballots (the "Ballots") for the solicitation of acceptances or rejection of the Plan having been sent to all known creditors and parties in interest, in the manner required by this Court and by law; and the Confirmation Hearing having been held before the Court on February 18, 2010; and upon the entire record of this case, the arguments of counsel for the Debtors, Certifications presented, as well as the arguments of counsel to the Creditors Committee

LV1 1163960v4 02/18/10

*Approved by Judge Judith H. Wizmur February 18, 2010*

Page 3
Debtor:          DD-OH Family Partners, LLC, et al.
Case No.         08-28140 (JHW)
Caption of Order: <u>Order Confirming Debtors' Second Modified Plan of Reorganization</u>

and Harleysville National Bank and Trust Company at the Confirmation Hearing, the Court hereby finds the following:

1. The Second Modified Plan complies with the applicable provisions of the Bankruptcy Code.

2. The Second Modified Plan proponent has complied with all applicable provisions of the Bankruptcy Code.

3. The classification of Claims and Interests under the Plan satisfies Section 1122 of the Bankruptcy Code.

4. The Second Modified Plan specifies the classes of Claims or Interests not impaired under said Plan.

5. The Second Modified Plan specifies the classes of Claims or Interests impaired under said Plan and specifies the treatment of Claims or Interests in such classes.

6. The Second Modified Plan provides the same treatment for each Claim or Interest of a particular class.

7. The Second Modified Plan provides adequate means for the execution and implementation of said Plan by, among other things, (1) Cash on the Plan's Effective Date of approximately $484,000 from cash in the Debtors' Estate, the sale/refinancing of Southampton Units B & C, and the proceeds of the Post Confirmation Loan B, (2) the Post Confirmation Loans from Harleysville, (3) appointment of the Disbursing Agent for Distributions from the Confirmation Fund Reserve to holders of Allowed Administrative Claims, Allowed Class 1 Claims, US Trustees Fees, the Creditor Trust Expense Reserve, and the additional sum due the Creditor Trust to initially fund the Creditor Trust Expense Reserve, (4) the creation of the Creditor Trust and the transfer of the Creditors Trust Assets to the Trust, and (5) the appointment of both the Creditor Trustee and the Professionals Trustee.

Page 4
Debtor:        DD-OH Family Partners, LLC, et al.
Case No.       08-28140 (JHW)
Caption of Order: Order Confirming Debtors' Second Modified Plan of Reorganization

8. Huber Newco and the Creditor Trust, pursuant to and as specified in the terms of the Plan, shall pay the post-Effective Date fees of the US Trustee. However, it is understood that the Debtors remain ultimately responsible for the payment of such quarterly fees to the extent, if at all, unpaid by Huber Newco or the Creditor Trust. Additionally, it is contemplated that the Plan's Effective Date shall occur no later than 30 days after the Confirmation Hearing (the "30 Day Period"). Nevertheless, the Debtors have agreed that they shall pay all US Trustee Fees due through the quarter in which the Plan is confirmed no later than the end of the 30 Day Period.

9. The Second Modified Plan has been proposed in good faith and not by any means forbidden by law.

10. Any payments made or promised by the Debtors or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident to this case, have been disclosed to and approved by this Court, as being reasonable or, if such payment is to be fixed after confirmation of said Plan, such payment is subject to approval of the Court as reasonable.

11. The proponent of the Second Modified Plan has disclosed the identity of any insider that will be employed or retained by the reorganized Debtors ("Huber Newco") and the Creditor Trust and the nature of any compensation for any such insider.

12. As of the Effective Date, as such term is defined in the Plan, Edward Phillips, CPA, CIRA, CFE shall act as trustee (the "Creditor Trustee") of the Creditor Trust and has agreed to perform all of the duties of the Creditor Trustee under the Plan and the Creditor Trust Agreement and has consented to the jurisdiction of this Court in respect of all matters relating to the performance of such duties.

13. As of the Effective Date, Edward Phillips shall act as trustee to and for the benefit of the Chapter 11 Professionals (the "Professionals Trustee") and has agreed to perform all of the

Page 5
Debtor: DD-OH Family Partners, LLC, et al.
Case No. 08-28140 (JHW)
Caption of Order: <u>Order Confirming Debtors' Second Modified Plan of Reorganization</u>

duties of the Professionals Trustee under the Plan and the Professionals Trust Agreement and has consented to the jurisdiction of this Court in respect of all matters relating to the performance of such duties.

14. As of the Effective Date, the Hubers, Huber Newco and/or the Debtors shall act as the Disbursing Agent under the Plan and they have agreed to perform all of the duties of the Disbursing Agent as set forth in the Plan and have consented to the Court's jurisdiction in respect to all matters relating to the performance of such duties.

15. The procedures by way of which the Ballots were originally distributed and tabulated were fair, properly conducted, and complied with the directions of this Court and the results thereof were recorded in a Certification of Balloting filed with the Court on September 4, 2009.

16. With respect to each class of Claims or Interests under the Second Modified Plan, each class either is unimpaired under said Plan or has duly accepted said Plan, or has been deemed to have accepted the Second Modified Plan.

17. The treatment of Claims under the Second Modified Plan of the type specified in Section 507(a) of the Bankruptcy Code complies with the provisions of Section 1129(a)(9)(A) of the Bankruptcy Code.

18. With respect to those impaired classes of Claims under the Second Modified Plan, at least one (1) impaired class of Claims has accepted said Plan, determined without including any acceptance of said Plan by an insider. Specifically, Classes 2 and 3 have voted affirmatively to accept the Plan.

19. The Second Modified Plan is feasible. The Debtors, Huber Newco, the Hubers and the Garbers will be able and have demonstrated their ability to meet their financial obligations under the Second Modified Plan. Confirmation and consummation of the Second Modified Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the

Page 6
Debtor:         DD-OH Family Partners, LLC, et al.
Case No.        08-28140 (JHW)
Caption of Order: Order Confirming Debtors' Second Modified Plan of Reorganization

Debtors or their successor(s), beyond the reorganization or liquidation proposed in the Second Modified Plan itself.

20.    All fees payable under Section 1930 of Title 28 of the United States Code have been paid or the Second Modified Plan provides for the payment of all such fees on the Effective Date or as soon as practicable thereafter.

21.    There is no need for approval of rate changes by any governmental unit.

22.    Based upon the modified liquidation analysis submitted to the Court, creditors will receive no less under the Second Modified Plan than they would in a chapter 7 liquidation.

23.    The notice of the Confirmation Hearing and the solicitation of acceptances and rejections to the Plan were appropriate and satisfactory based upon the circumstances of the Debtors' Chapter 11 cases, and were in compliance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and Orders of this Court.

24.    The Committee, the Creditor Trustee and the Debtors retain the right to object to Claims after the Confirmation Date in accordance with the Plan.

25.    All Avoidance Actions of any kind or nature and as defined in the Second Modified Plan, vested in the Debtors prior to the Effective Date of said Plan, including claims against third parties pursuant to Sections 544 through 550 of the Bankruptcy Code shall upon the Effective Date of the Second Modified Plan be transferred to the Creditor Trust and be held by the Creditor Trustee.

Based upon the above-referenced findings of fact, and good and sufficient cause appearing therefore,

**IT IS ORDERED THAT:**

1.    The Second Modified Plan be, and is hereby confirmed.

LV1 1163960v4 02/18/10

*Approved by Judge Judith H. Wizmur February 18, 2010*

Page 7
Debtor:    DD-OH Family Partners, LLC, et al.
Case No.    08-28140 (JHW)
Caption of Order: Order Confirming Debtors' Second Modified Plan of Reorganization

2. Objections, if any, to confirmation of the Second Modified Plan, are overruled in their entirety and the fourteen (14) day period to appeal under Rule 8002 of the Federal Rules of Bankruptcy Procedure is waived.

3. Notwithstanding the language in Section 2.46 of the Plan, the Effective Date shall occur on March 5, 2010, unless otherwise extended.

4. The Debtors and Committee, after the Effective Date, Huber Newco, the Creditor and Professionals Trustees are hereby authorized and empowered to issue, execute, deliver, file or record any document, and to take any action necessary or appropriate to implement, effectuate and consummate the Second Modified Plan in accordance with its terms, including, without limitation, any release, settlement agreement, loan document, whether or not specifically referred to in the Second Modified Plan and without further application to or order of this Court.

5. The terms of the Creditor Trust Agreement and of the Professionals Trust Agreement are approved. Edward Phillips, CPA, CIRA, CFE is appointed as the Creditor Trustee under the Creditor Trust Agreement as of no later than the Effective Date of the Plan. Additionally, Edward Phillips is appointed as the Professionals Trustee under the Professionals Trust Agreement as of no later than the Plan's Effective Date. The Trustees and any professionals retained by them are authorized to be compensated pursuant to the terms of the Creditor Trust Agreement, the Professionals Trust Agreement and the Plan.

6. The Second Modified Plan and its provisions shall be binding upon the Debtors, Huber Newco, Harleysville, the Committee, both the Creditors and Professionals Trustees, any entity acquiring property under said Plan, and holders of Claims against or Interests in the Debtors, whether or not the Claims or Interests of such creditors or interest holders or obligations of any parties-in-interest are impaired under the Second Modified Plan and whether or not such creditors,

Page 8
Debtor: DD-OH Family Partners, LLC, et al.
Case No. 08-28140 (JHW)
Caption of Order: <u>Order Confirming Debtors' Second Modified Plan of Reorganization</u>

interest holders or parties-in-interest have voted, or are deemed to have voted, for or against said Plan.

7. The Debtors, Huber Newco, the Committee, and both the Creditor and Professionals Trustees are authorized and empowered to take any action and to execute, deliver and file in all courts all documents and instruments necessary or appropriate to enforce all causes of action, claims and rights of the Debtors, Huber Newco, the Committee and both the Creditor and Professionals Trustees.

8. Each holder of an Administrative Claim shall be paid or has been paid in accordance with the Second Modified Plan or by agreement reached between the parties.

9. Except as may otherwise be provided in the Second Modified Plan, by the Effective Date, title to all Assets of the Creditor Trust shall vest in and be transferred to the Creditors Trust in accordance with Articles VI and VII of the Plan and 11 U.S.C. §1141 of the Bankruptcy Code, free and clear of all Claims and Interests.

10. Pursuant to the Plan's terms and to the extent specified therein, all creditors and interest holders of the Debtors, or other entities whose Claims are discharged or whose interests are terminated by the Second Modified Plan and this Order are hereby jointly and severally restrained and enjoined from:

a. Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including without limitation any proceeding in a judicial, arbitrable, administrative or other forum) against or affecting the Debtors, Huber Newco, the Creditor Trust or the Professional Trust, their employees or partners, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in addition in interest to, any of the foregoing, any

Page 9
Debtor: DD-OH Family Partners, LLC, et al.
Case No. 08-28140 (JHW)
Caption of Order: <u>Order Confirming Debtors' Second Modified Plan of Reorganization</u>

or all property of any such transferee or successor except as specifically authorized in the Second Modified Plan.

  b. Enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly any judgment, award, decree or other order against the Debtors, Huber Newco, the Creditor Trust or the Professional Trust with respect to any property of any of the foregoing, or any property of any such transferee or successor except as specifically authorized under the Second Modified Plan.

  c. Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any liens or encumbrances against the Debtors, Huber Newco, the Creditor Trust or Professional Trust with respect to any property of any of the foregoing or any direct or indirect transferee, of the property of, or direct or indirect successor in interest to, any of the foregoing or any property of any such transferee or successor except as specifically authorized in the Second Modified Plan.

  d. Setting off, seeking reimbursement or contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Debtors, Huber Newco, the Creditor Trust or Professional Trust, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing except as specifically authorized in the Second Modified Plan; or

  e. Proceeding in any manner in any place with regard to liquidating any Claim in any forum other than the United States Bankruptcy Court for the District of New Jersey or if this Court does not have jurisdiction thereon, the United States District Court for

LV1 1163960v4 02/18/10

*Approved by Judge Judith H. Wizmur February 18, 2010*

Page 10
Debtor: DD-OH Family Partners, LLC, et al.
Case No. 08-28140 (JHW)
Caption of Order: <u>Order Confirming Debtors' Second Modified Plan of Reorganization</u>

the District of New Jersey, or in such forum deemed appropriate by Huber Newco, the Creditor Trustee, or the Professional Trustee.

    f.    Such persons are also hereby enjoined from seeking payment of any liquidated amounts and any assets of the Debtors, Huber Newco, the Creditor Trust or Professional Trust.

    g.    Such persons are also enjoined from seeking recovery of punitive damages from the Debtors, Huber Newco, the Creditor or Professional Trustees, or any insurance provider with respect to any insurance covering the Debtors, Huber Newco, the Creditor or Professional Trustees, except as maybe otherwise specifically authorized in the Second Modified Plan.

11.    Nothing in the Plan shall release any officer, director, shareholder, employee, or other responsible person of the Debtors, including, but not limited to, the Hubers and the Garbers for any liability they may have with respect to any Allowed Priority Tax Claims. However, all taxing authorities who have held, hold or may hold Claims against the Debtors are temporarily enjoined from proceeding against any officer, director, shareholder, employee, or other responsible person of the Debtors, including, but not limited to the Hubers and the Garbers, for the collection of all or any portion of their Allowed Priority Tax Claims, said injunction to remain in effect only for so long as Huber Newco complies with the terms of the Plan. Any violation of the Plan that remains uncured for thirty (30) days after receipt by Huber Newco or Garber (as applicable) of written notice from any party affected by such violation, shall automatically and without further order of the Bankruptcy Court result in the dissolution of the injunction granted hereunder as to said affected party, thereby permitting the taxing authority to pursue collection of its Allowed Priority Tax Claims against any persons who may be liable for

LV1 1163960v4 02/18/10

*Approved by Judge Judith H. Wizmur February 18, 2010*

Page 11
Debtor: DD-OH Family Partners, LLC, et al.
Case No. 08-28140 (JHW)
Caption of Order: Order Confirming Debtors' Second Modified Plan of Reorganization

the specific Allowed Priority Tax Claims for which payment as required by this Plan was not made.

12. As of the Effective Date, any and all restraints upon FIFT, LP, Exit05, L.L.C., Harleysville and/or the Hubers and/or their ability to sell, encumber, pledge, dispose of, and/or release their rights in the properties located at 618 2nd Street Pike, Southampton, PA, Units A, B, and C of SSPA Condominium and 101 West Eighth Street, Ship Bottom, NJ, Lot 1, Block 108 (collective, the "Non-Debtor Real Assets"), and/or receive proceeds of sale and/or refinancing of the Non-Debtor Real Assets, including, without limitation, any temporary, preliminary or final restraining order of this Court entered in the adversary proceeding styled as Official Committee of Unsecured Creditors of DD-OH Family Partners, LLC t/a Oskar Huber Furniture & Design, et al. v. FIFT, LP, et al., Adv. Pro. No. 09-01416 (JHW) shall be terminated with prejudice.

13. Nothing set forth in this Order shall limit Harleysville's rights and ability to enforce the Restructured Loans and the Post Confirmation Loans in accordance with the applicable loan documents and applicable non-bankruptcy law, which would include commencement of actions in forums other than this Court.

14. The Court shall retain jurisdiction over the Debtors' Chapter 11 cases in accordance with the Second Modified Plan and Section 1142 of the Bankruptcy Code.